1
2
3
4
5        UNITED STATES DISTRICT COURT
6        EASTERN DISTRICT OF WASHINGTON

7    CHARLES JACOBY,

8                    Plaintiff,          NO:  CV-12-3102-FVS

9        v.                              ORDER GRANTING DEFENDANT'S
                                         MOTION FOR SUMMARY
10   CAROLYN W. COLVIN,                  JUDGMENT AND DENYING
                                         PLAINTIFF'S MOTION FOR
11                   Defendant.          SUMMARY JUDGMENT

12
13        BEFORE THE COURT are the parties' cross motions for summary

     judgment. ECF Nos. 16 and 17.  This matter was submitted for consideration
14
     without oral argument.  Plaintiff was represented by D. James Tree. Defendant was
15
     represented by Jeffrey R. McClain.  The Court has reviewed the administrative
16
     record and the parties' completed briefing and is fully informed. For the reasons
17
     discussed below, the court grants Defendant's Motion for Summary Judgment and
18
     denies Plaintiff's Motion for Summary Judgment.
19
                              **JURISDICTION**
20

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
     JUDGMENT ~ 1

Plaintiff Charles Jacoby protectively filed for supplemental security income ("SSI") and disability insurance benefits on August 26, 2008. Tr. 141-147, 148-154. Plaintiff alleged an onset date of December 15, 2003. Benefits were denied initially (Tr. 79-82, 83-85) and upon reconsideration (Tr. 87-88, 89-91). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Steve Lynch on March 9, 2011. Tr. 35-65. Plaintiff was represented by counsel and appeared at the hearing. *Id.*  Medical expert Margaret Moore, Ph.D. also testified. Tr. 52-59. Vocational expert Jenipher Gaffney also testified. Tr. 61-64. The ALJ denied benefits (Tr. 14-34) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 54 years old at the time of the hearing. Tr. 39. He completed education through the tenth grade. Tr. 44. He was in prison from December 2003 through October 2007. Tr. 39. Previous employment was primarily in construction and heavy equipment. Tr. 44-45. Plaintiff is the primary caregiver for his teenage son who has been diagnosed with ADHD. Tr. 45-46. Plaintiff alleges disability based on COPD, Hepatitis C, depression, and anxiety. Tr. 47. He testified that he

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

suffers from extreme fatigue and only stays awake four to six hours a day. Tr. 50-51. Plaintiff was on interferon treatment but it was stopped prior to the hearing. Tr. 50-52.

### STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 15, 2003, the alleged onset date. Tr. 19. At step two, the ALJ found Plaintiff has the following severe impairments: chronic obstructive pulmonary disease (COPD), hepatitis C, cirrhosis of the liver, chronic fatigue, depression, anxiety and anti-social personality disorder. Tr. 19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 20. The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can lift twenty pounds frequently and ten pounds occasionally. The claimant can sit, stand and walk consistent with the requirements for light work. The claimant cannot work at unprotected heights. He must avoid concentrated exposure to noxious fumes and odors. The claimant should have no interaction with the public and only occasional and superficial interaction with coworkers. The claimant can only do simple, entry-level work.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

Tr. 21. At step four, the ALJ found Plaintiff was unable to perform any past

relevant work. Tr. 27. At step five, the ALJ found that considering the Plaintiff's

age, education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff could perform. Tr. 28. The ALJ

concluded that Plaintiff has not been under a disability, as defined in the Social

Security Act, from December 15, 2003 through the date of the decision. Tr. 29.

### ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in

finding Plaintiff not credible; (2) the ALJ committed reversible error by improperly

rejecting the opinions of Dr. William Bothamley and Steven Woolpert, M.S.,

M.H.P.; and failing to apply Dr. Jorge Torres-Saenz's opinions to the RFC. ECF

No. 16 at 8-19. Defendant argues: (1) the ALJ properly evaluated Plaintiff's

credibility; (2) the ALJ properly evaluated the medical record. ECF No. 17 at 4-19.

### DISCUSSION

**A. Credibility**

Plaintiff argues the ALJ erred in finding Plaintiff not credible. ECF No. 16 at

17-19. In social security proceedings, a claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs,

symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

statements about his or her symptoms alone will not suffice. *Id*. Once an

impairment has been proven to exist, the claimant need not offer further medical

evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

*Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

"could reasonably be expected to produce [the] symptoms," the claimant may offer

a subjective evaluation as to the severity of the impairment. *Id.* This rule

recognizes that the severity of a claimant's symptoms "cannot be objectively

verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

must make a credibility determination with findings sufficiently specific to permit

[a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

truthfulness; (2) inconsistencies in the claimant's testimony or between his

testimony and his conduct; (3) the claimant's daily living activities; (4) the

claimant's work record; and (5) testimony from physicians or third parties

concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent

any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

661, 672 (9th Cir.2012) (quotation and citation omitted).

1    Although not directly addressed by the ALJ, the record does not contain any

2    evidence of malingering by the Plaintiff. The ALJ "[could not] find the [Plaintiff's]

3    allegation that he is incapable of all work activity to be credible as the evidence in

4    the record reflects the [Plaintiff's] functional limitations are not as significant and

5    limiting as have been alleged." Tr. 26. The ALJ listed three reasons for his adverse

6    credibility finding.

7    First, the ALJ found Plaintiff's absence of a work history after his

8    incarceration undermined his assertion of total disability. Tr. 22. The ALJ noted

9    that Plaintiff did not work after his release from prison in 2007, and medical

10    records showed Plaintiff's hepatitis C was "less advanced per ultrasound in

11    November of 2008." Tr. 26-27 (citing Tr. 474). Thus, the ALJ reasoned that

12    Plaintiff's "failure to work at all during such period raises some questions as to

13    whether his current unemployment is truly the result of medical problems or

14    simply an unwillingness to work." Tr. 27. Plaintiff argues this reason was improper

15    because the medical record at issue indicated there were no "abnormal features of

16    the liver" but did not affirm that the hepatitis C was "less advanced." ECF No. 16

17    at 18 (citing Tr. 474). Further, Plaintiff asserts that Plaintiff was unable to work in

18    2007 "because of his severe impairments," as supported by Dr. William

19    Bothamley's opinion that Plaintiff's limitations have existed since an unspecified

20    date in 2005. *Id.* (citing Tr. 577-78).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

A claimant's work history is a relevant consideration when evaluating credibility. *See Thomas*, 278 F.3d at 959. While Plaintiff is correct that the ALJ may have overstated the results of the November 2008 ultrasound as showing Plaintiff's hepatitis C was "less advanced;" the results were still "essentially unremarkable" with no "abnormal features." Tr. 474. Moreover, this medical record, together with the absence of any documented work history or coexistent records[1] supporting Plaintiff's inability to work from 2007-2008 after he was released from prison, adequately support this reason for rejecting Plaintiff's testimony. "Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible for determining credibility"). The court finds this reason for finding the Plaintiff not credible was specific, clear and convincing. Moreover, even assuming arguendo that the ALJ erred in relying on this reason, any error is harmless because the ALJ's remaining reasoning and

---

[1] In 2009, Dr. Bothamley opined that Plaintiff's limitations had existed since 2005. Tr. 577-78. However, the record does not include any evidence of limitations on Plaintiff's ability to work actually recorded in 2007-2008. Moreover, as indicated below, the ALJ properly gave very little weight to Dr. Bothamley's opinion. Tr. 24.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    ultimate credibility finding is adequately supported by substantial evidence, as

2    discussed below. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155,

3    1162-63 (9th Cir. 2008).

4         Second, the ALJ found Plaintiff's self-described daily activities "are not

5    limited to the extent one would expect, given the complaints of disabling

6    symptoms and limitations." Tr. 28. Evidence about daily activities is properly

7    considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597,

8    603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly

9    incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495

10   F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain

11   activities…does not in any way detract from her credibility as to her overall

12   disability."). However, even where activities "suggest some difficulty functioning,

13   they may be grounds for discrediting the [Plaintiff's] testimony to the extent that

14   they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674

15   F.3d 1104, 1113 (9th Cir. 2012).

16        In this case, Plaintiff testified that he was only awake for four to six hours a

17   day. Tr. 51. The ALJ found that "[o]verall, the [Plaintiff's] activities of daily living

18   are consistent with the … residual functional capacity assessment and inconsistent

19   with the disabling levels of pain symptoms alleged by the [Plaintiff]." Tr. 27.

20   Specifically, the ALJ found Plaintiff was completely independent in self-care

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

activities; managed his own cooking, cleaning and shopping; handled his own money and bills; and cared for his special needs teenager "which can be quite demanding both physically and emotionally, without any particular assistance." Tr. 27 (citing 191-94, 212-14, 418). This reason for discrediting the Plaintiff's testimony was clear and convincing, and supported by substantial evidence.

Third, the ALJ found that Plaintiff's criminal history undermines his credibility. Tr. 27. An ALJ may discredit a claimant's allegations based on relevant character evidence. *Bunnell*, 947 F.2d at 346. The Plaintiff is a registered sex offender and was in prison for "having sexual relations with an underage female in 1997 and again in the early 2000s." Tr. 27 (citing Tr. 453). Given the nature of Plaintiff's criminal history, this was a clear and convincing reason for the ALJ to discount Plaintiff's credibility.[2] *See Albidrez v. Astrue*, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007) (convictions for crimes of moral turpitude are proper basis for adverse credibility determination).

---

[2] As correctly noted by Defendant, Plaintiff failed to challenge this reason in his opening brief. In his reply brief he argues that the offenses are over ten years old and therefore inadmissible under Federal Rule of Evidence 609(b). ECF No. 18 at 3-4. However, it is well-settled that the Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    For all of these reasons, and having thoroughly reviewed the record, the

2    court concludes that the ALJ supported his adverse credibility finding with

3    specific, clear and convincing reasons supported by substantial evidence.

4    **B. Medical Opinions**

5    There are three types of physicians: "(1) those who treat the claimant

6    (treating physicians); (2) those who examine but do not treat the claimant

7    (examining physicians); and (3) those who neither examine nor treat the claimant

8    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

9    *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

10   Generally, a treating physician's opinion carries more weight than an examining

11   physician's, and an examining physician's opinion carries more weight than a

12   reviewing physician's. *Id.*  If a treating or examining physician's opinion is

13   uncontradicted, the ALJ may reject it only by offering "clear and convincing

14   reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

15   1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

16   opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

17   providing specific and legitimate reasons that are supported by substantial

18   evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

19   "However, the ALJ need not accept the opinion of any physician, including a

20   treating physician, if that opinion is brief, conclusory and inadequately supported

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009)(quotation and citation omitted). Plaintiff argues the ALJ committed reversible error by improperly rejecting the opinions of Dr. William Bothamley and Steven Woolpert, M.S., M.H.P.; and failing to apply Dr. Jorge Torres-Saenz's opinions to the RFC. ECF No. 16 at 8-16.

### 1. Dr. William Bothamley

In July 2009 Dr. Bothamley completed a medical report that listed Plaintiff's diagnoses of COPD, hepatitis C, history of low back pain with degenerative disc disease, hearing loss, and GERD/Barrett's esophagus. Tr. 517. Symptoms reported by Plaintiff included fatigue, joint pain, nausea and blurred vision. Tr. 517. Dr. Bothamley's prognosis was that Plaintiff's COPD was a chronic condition and it was uncertain whether the treatment would resolve Plaintiff's hepatitis C. Tr. 518. He opined that Plaintiff would miss more than four days a month from work because of his medical impairments, if he attempted to work a 40 hour work week, and found these limitations existed since around 2003. Tr. 518. In February 2010 Dr. Bothamley completed another medical report with the additional diagnosis of liver cirrhosis, and increased symptoms reported by Plaintiff including significant fatigue, nausea, diffuse joint pain, shortness of breath and headaches. Tr. 576. Dr. Bothamley again opined that Plaintiff would miss four days of work per month because of his medical impairments; and additionally opined that Plaintiff was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    limited to sedentary work, lifting ten pounds maximum. Tr. 577. Unlike the 2009

2    report, Dr. Bothamley found these limitations existed since 2005. 578. Finally, Dr.

3    Bothamley opined that it would be difficult for Plaintiff to pursue any employment

4    given his diagnoses. Tr. 578.

5         The ALJ identified Dr. Bothamley as Plaintiff's treating physician but gave

6    his opinion very little weight. Tr. 24. Specifically, the ALJ reasoned that Dr.

7    Bothamley's opinion "relies on the [Plaintiff's] subjective complaints of significant

8    fatigue, which may be unreliable given the [Plaintiff's] failure to work since 2007,

9    a time when the medical record showed no liver cirrhosis." Tr. 24. Plaintiff argues

10   this was an inadequate reason for rejecting treating physician Dr. Bothamley's

11   opinion. ECF No. 16 at 10-13. First, Plaintiff argues that as opposed to cirrhosis,

12   "*Hepatitis C* was the cause of Plaintiff's severe fatigue and Dr. Bothamley opined

13   fatigue was the reason [Plaintiff] would miss four or more days of work." ECF No.

14   16 at 10 (emphasis added). Plaintiff supports this argument by referring to the

15   ALJ's finding that Plaintiff's hepatitis C and cirrhosis of the liver have progressed

16   over time and was originally diagnosed while he was in prison in 2005. Tr. 23.

17   Defendant responds that the ALJ reasonably relied on the diagnosis of liver

18   cirrhosis in 2009 as a measure of the severity of Plaintiff's hepatitis C condition.

19   ECF No. 17 at 9-10.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

The court finds Plaintiff's arguments speculative and inapposite.[3] At no time in Dr. Bothamley's reports does he definitively link Plaintiff's complaints of fatigue to his diagnosis of hepatitis C, liver cirrhosis, or other diagnoses including COPD. Plaintiff himself reported to therapist Steven Woolpert in 2009 that he has been sleeping a lot "but [was] not clear if from his COPD, Hep[atitis] C, depression or combination." Tr. 535. More importantly, as correctly identified by

---

[3] Plaintiff also mentions in passing that the ALJ had a duty to clarify any ambiguity or inadequacy in the record during the time period of Plaintiff's limitations as identified by Dr. Bothamley. ECF No. 16 at 11. However, the court declines to address this issue as it was not raised with specificity in Plaintiff's briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Plaintiff also emphasizes an alleged ten year treating relationship between Dr. Bothamley and Plaintiff.  However, while length of treating relationship is a factor to be considered by the ALJ when evaluating medical opinion, it was not a reason given by the ALJ for rejecting Dr. Bothamley's opinion in this case and once again not identified by Plaintiff as legal error. *Id*.; *see also* 20 C.F.R. §§ 404.1527(c); 416.927(c). Moreover, Dr. Bothamley indicated that Plaintiff was seen "in his clinic" since 2000, however, the medical records cited by Plaintiff to support an allegedly ongoing treatment relationship are dated 2008 at the earliest. ECF No. 16 at 10 (citing Tr. 208-209, 406, 410-11, 412).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

the Defendant, the ALJ did not reject the opinion of Dr. Bothamley for lack of objective findings. ECF No. 17 at 11. Rather, the ALJ accorded Dr. Bothamley's opinion little weight because it was based on Plaintiff's self-reports which he found to be not credible. Tr. 24; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[a]n ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."). A review of the medical records reveal that Dr. Bothamley's opinion regarding Plaintiff's ability to work were largely based on Plaintiff's self-reports of extreme fatigue which, as analyzed above, were properly discounted as not credible by the ALJ. This was a specific and legitimate reason for rejecting Dr. Bothamley's opinion of Plaintiff's limitations.

Plaintiff additionally argues that the ALJ erred in finding that "[t]he ability to obtain and sustain employment requires an assessment of various vocational factors, and there is no evidence that Dr. Bothamley has the expertise to make such an assessment." Tr. 24. Dr. Bothamley opined that "[g]iven the patient's diagnosis, I feel it would be difficult for him to pursue any employment." Tr. 578. As correctly acknowledged by Defendant, this reason is not a proper basis to reject Dr. Bothamley's opinion regarding Plaintiff's functional limitations. ECF No. 17 at 13. However, regulations clearly state that the Commissioner is "responsible for making the determination or decision about whether you met the statutory

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

definition of disability …. A statement by a medical source that you are 'disabled'
or 'unable to work' does not mean that we will determine that you are disabled."
20 C.F.R. §§ 404.1527(d), 416.927(d); *see also* §§ 404.1527(e)(3),
416.927(e)(3)("[w]e will not give any special significance to the source of an
opinion on issues reserved to the Commissioner."); Soc. Sec. Ruling ("SSR") 96-
5p, *available at* 1996 WL 374183 at *2 (July 2, 1996) ("treating source opinions
on issues that are reserved to the Commissioner are never entitled to controlling
weight or special significance."). Thus, it was not legal error for the ALJ to
disregard Dr. Bothamley's opinion that it would be "difficult for Plaintiff to pursue
employment" because this assessment is reserved to the Commissioner. As
indicated above, the ALJ properly rejected Dr. Bothamley's *medical* opinion
regarding Plaintiff's functional limitations with the specific and legitimate reason
that they were based on Plaintiff's incredible self-reports.

### 2. Steven Woolpert, MS, MPH

On June 12, 2009 Steven Woolpert, a mental health therapist, completed a
check-the-box medical residual functional capacity assessment form. Tr. 514-16.
He opined that Plaintiff was markedly limited in the ability to understand and
remember detailed instructions; the ability to carry out detailed instructions; the
ability to maintain attention and concentrate for extended periods; the ability to
work in coordination with or proximity to others without being distracted by them;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of rest periods; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Tr. 514-16. On January 13, 2010, Mr. Woolpert opined that Plaintiff was also markedly limited in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and now only moderately limited in the ability to work in coordination with or in proximity to others without being distracted by them, the ability to interact appropriately with the general public, and the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Tr. 525-27.

Mental health therapists are not "acceptable medical source" within the meaning of 20 C.F.R. § 416.913(a). Instead, they qualify as an "other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The opinion of an "acceptable medical source" is given more weight than that of an "other source." SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). The ALJ need only provide "germane reasons" for disregarding Mr. Woolpert's opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

1   "consider observations by nonmedical sources as to how an impairment affects a

2   claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir.

3   1987).

4          The ALJ gave Mr. Woolpert's opinion little weight and provided several

5   reasons for this finding. As an initial matter, Defendant concedes the ALJ was

6   mistaken in finding it "suspect" that the number of marked impairments increased

7   in the period between Mr. Woolpert's two medical source opinions. As indicated

8   above, the record shows the number of marked impairments opined by Mr.

9   Woolpert actually decreased. This was not a germane reason to disregard Mr.

10  Woolpert's opinion. However, this error is harmless because the ALJ offered

11  several additional germane reasons for according Mr. Woolpert's opinion little

12  weight. *See Tommasetti*, 533 F.3d at 1038 (error is harmless where it is

13  "inconsequential to the ultimate nondisability determination").

14         First, the ALJ found "Mr. Woolpert's findings are not in line with his

15  treatment notes, which show essentially supportive treatment for the [Plaintiff] in

16  conjunction with parenting issues and living with major illnesses." Tr. 26. The ALJ

17  may properly give less weight to opinions that are internally inconsistent. *See*

18  *Bayliss*, 427 F.3d at 1216. Plaintiff argues that Mr. Woolpert's treatment notes are

19  consistent with the opined functional limitations because in 2009 and 2010 Mr.

20  Woolpert's records always include the following "description": "Depression (SX)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

as evidenced by changed sleep pattern, insomnia, hypersomnia, depressed mood, difficulty concentrating, feelings of worthlessness/guilt, irritability, lack of energy, fatigue, suicidal ideation, social withdrawal." Tr. 528-535. However, there is no indication of how this "description" was assessed, and this list of symptoms standing in isolation is not enough to undermine the ALJ's reasonable interpretation of the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."). Significantly, the ALJ's reasoning was also supported by the testimony of Dr. Margaret Moore, who opined that the treatment notes show supportive treatment "not rising to the level of that suggested by the those impairments [identified by Mr. Woolpert]." Tr. 56-57. The inconsistency between treatment notes and the level of impairments assessed by Mr. Woolpert is a germane reason to reject his opinion.

Second, the ALJ noted that Mr. Woolpert is not a medically acceptable source and found his opinion is not consistent with Dr. Moore or the state agency examiners. Tr. 26. Plaintiff appears to argue that the ALJ improperly rejected Mr. Woolpert's opinion because he was not an acceptable source. ECF No. 16 at 15-16. However, the record clearly shows the ALJ weighed Mr. Woolpert's opinion as a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

treating therapist and gave the requisite germane reasons for rejecting his opinion. Further, although not challenged by Plaintiff, the ALJ offered an additional germane reason for rejecting Mr. Woolpert's opinion by finding that his opinion was inconsistent with the opinions of the testifying medical expert Dr. Moore and the state agency examiners. *See Bayliss*, 427 F.3d at 1218 (inconsistency with medical evidence is a germane reason). For all of these reasons, the ALJ did not err in giving Mr. Woolpert's opinion little weight.

### 3. Dr. Jorge Torres-Saenz

In January 2009 Dr. Torres-Saenz conducted a psychological assessment of the Plaintiff. Tr. 416-420. He diagnosed Plaintiff with major depressive disorder, recurrent, in partial remission, and alcohol abuse in sustained full remission; and assessed a global assessment of function ("GAF") score of 48. Tr. 418-19. Dr. Torres-Saenz noted Plaintiff was well-groomed, attentive, and cooperative with no evidence of psychomotor agitation or retardation; however, his "affect was depressed and his mood was described as depressed, irritable and anxious." Tr. 417. The ALJ gave Dr. Torres-Saenz's opinion moderate weight as "[i]t was basically consistent with the medical record and does not conflict with the opinions of Dr. Moore or the state agency examiners." Tr. 25.

Plaintiff argues that the ALJ erred in failing to apply Dr. Torres-Saenz's opinions to the RFC because a GAF score of 48 indicates an inability to keep a job,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23

and Dr. Torres-Saenz's opinions are consistent with Dr. Bothamley's opinions that

Plaintiff would miss four days or more of work per month. ECF No. 16 at 16-17.

This argument is inapposite and Plaintiff fails to support these contentions with

case law or applicable citations to the record. Dr. Torres-Saenz offers no opinion as

to Plaintiff's specific functional limitations; much less any finding that could

arguably be seen as "consistent with" Dr. Bothamley's precise opinion that

Plaintiff would miss four or more days of work per month. In the

summary/conclusion section of his assessment, Dr. Torres-Saenz merely notes that

Plaintiff presented with symptoms of depression and mentioned he is not

comfortable around people; and recommends that Plaintiff keep seeing his mental

health provider and consider psychiatric evaluation to address his symptoms

through medication. Tr. 419.

　　　Furthermore, a GAF score standing alone is not determinative of disability

for the purposes of a social security claim. *See McFarland v. Astrue*, 288 Fed.

App'x 357, 359 (9th Cir. 2008)(citing 65 Fed. Reg. 50746, 50764-65 (August 21,

2000), *available at* 2000 WL 1173632); *Purvis v. Comm'r of Soc. Sec. Admin.*, 57

F.Supp.2d 1088, 1093 (D. Or. 1999) (noting lack of Ninth Circuit authority that a

GAF score, by itself, requires a finding of disability). Finally, any error arguably

made by the ALJ in considering Dr. Torres-Saenz's opinion was harmless. *See*

*Tommasetti*, 533 F.3d at 1038 (error is harmless where it is "inconsequential to the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24

ultimate nondisability determination"). The ALJ gave Dr. Torres-Saenz's opinion moderate weight and found it consistent with the testimony of Dr. Moore and state agency examiner Dr. Eugene Kester who found Plaintiff could perform simple, entry-level work with only superficial public contact; and these opinions were incorporated into the assessed RFC. Tr. 21, 25, 58-59, 431. For all of these reasons, the ALJ did not err in considering the opinion of Dr. Torres-Saenz.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** March 24, 2014.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25